FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 APR 23 AM 9:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DAVID THOMAS JOHNSTON, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV97-H-1497-E |
| STATE FARM INSURANCE COMPANY, | ) | |
| DEFENDANT. | ) | |

ENTERED

APR 23 1998

## MEMORANDUM OF DECISION

The motion for summary judgment filed by defendant State Farm Insurance Company ("State Farm") on March 12, 1998 was deemed submitted, without oral argument, to the court for decision as of April 10, 1998. See March 13, 1998 Order. State Farm seeks summary judgment on plaintiff's remaining claim that State Farm breached its disability insurance contract with plaintiff by refusing to pay benefits.

Many of the facts in this case are undisputed. When considering the summary judgment motion, the court must determine if a material factual dispute remains as to whether plaintiff's condition on July 15, 1996 and thereafter met the definition of a "total disability" under the terms of his disability policy.

### I. FACTUAL BACKGROUND

On December 8, 1993 State Farm issued a Guaranteed Renewal Disability Income policy( the "Policy") to plaintiff which provided that State Farm will pay the monthly income amount specified in the schedule "for each month during which such total disability continues after the expiration of the applicable

elimination period [90 days]." See Smith Affidavit & Ex.1. The Policy defines the relevant terms as follows:

> **Total Disability** means complete incapacity, as the result of injury or Sickness, to engage in an occupation as defined herein for remuneration or profit.
>
> . . .
>
> **Occupation** means, during the first twenty-four months of Total Disability, the occupation of the Insured at the time such Total Disability begins; thereafter it means any occupation for which the Insured is or becomes reasonably fitted by education, training or experience.
>
> **Elimination Period** means the number of days show in the Policy Schedule on page 3, following the commencement of Total Disability, during which period Monthly Income for Total Disability is not payable.
>
> . . .

See Exh.1 of Smith Affidavit.

On or about March 18, 1996 plaintiff suffered an injury while on the job which resulted in the rupturing of two disks. Prior to March 18, 1996 plaintiff worked as a southeastern region business manager for Joslyn Electronics. See Plaintiff's Affidavit. Dr. Martin P. Jones, Jr. performed a laminectomy on plaintiff in April of 1996. In May 1996, the plaintiff requested that State Farm cancel the disability policy. State Farm canceled plaintiff's Policy and refunded one month's premium payment of $195.00. See Smith Affidavit.

Plaintiff was unable to return to work until June 17, 1996. As of June 13, 1996, Dr. Jones recommended that plaintiff return to light duty work for one month. See Exh. 6 to Smith Affidavit. Then on July 15, 1996, Dr. Jones stated that in his opinion

plaintiff was able to return to full duty without restrictions. Id. at Exhs. 5 & 7. Plaintiff worked for approximately eleven days, until July 26, 1996. See Plaintiff's Affidavit. Since July 26, 1996 plaintiff has not worked. Id.

When completing an application for increasing life insurance benefits dated September 9, 1996, plaintiff disclosed his neck surgery and the response written on the form indicated an onset date of April 8, a recovery date of June 8 and that he is "fully recovery [sic]." See Exhibit 8 to Smith Affidavit.

Plaintiff notified State Farm of his injury by a letter from plaintiff's counsel dated October 4, 1996. The claim on plaintiff's disability policy is based on his back injury apparently occurring on March 18, 1996. Notwithstanding the cancellation of the policy in May, 1996, State Farm does not dispute that the plaintiff's Policy was in force when he suffered the back injury on March 18, 1996. In October of 1996 plaintiff was examined by Dr. Thomas Wright, a neurologist. Plaintiff has submitted Dr. Wright's affidavit in opposition to the motion for summary judgment.

Plaintiff described his job duties when serving as a business manager for Joslyn Electronics as including: traveling extensively in the Southeastern states (averaging between 500-900 miles per week), loading and unloading suitcases and luggage, catalogs, brochures, samples, records, briefcase, demo equipment and laptop computer for presentations to perspective buyers, and giving presentations, training seminars or trade shows. See Plaintiff Affidavit. According to plaintiff, when he returned to light duty work in June 17, 1996, he was not able to drive an

3

automobile, to deliver any heavy boxes, nor to exert himself by walking or standing. Plaintiff states that the only work he performed was making some telephone calls from his home to customers. See Plaintiff's Affidavit.

Plaintiff's wife, Patricia Johnston, submitted an affidavit stating that when plaintiff attempted to return to regular duty work, she traveled with him on the customer calls he made in order to drive the automobile and handle heavy materials. See Patricia Johnson's Affidavit. She further stated that plaintiff was unable to drive an automobile, lift materials necessary for conducting demonstrations and seminars, and remember names of customers. See id. Likewise, plaintiff states that during July of 1996 he was unable to drive an automobile or lift the heavy items required for his presentations. Plaintiff's Affidavit.

## II. LEGAL ANALYSIS

### A.   Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the

4

moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant,

5

probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case.  <u>Fitzpatrick</u>, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  <u>Lewis v. Casey</u>, ____ U.S. ____, 116 S. Ct. 2175

6

(1996).

### B. Analysis of Plaintiff's Claim

Plaintiff properly points out that under Alabama law a person need not be completely helpless in order to be considered totally disabled under an insurance policy. <u>Key Life Ins. Co. of South Carolina v. Burns</u>, 390 So. 2d 1064, 1067 (Ala. Civ. App 1980); <u>John Hancock Mutual Life Ins. Co. V. Schroder</u>, 235 Ala. 655 180 So. 327, 330 (1938). Likewise, "[a] person is not precluded from being considered totally disabled as a result of an unsuccessful attempt to return to work." <u>Key Life</u>, 390 So. 2d at 1067; <u>Volunteer State Life Ins. Co. V. Davis</u>, 31 Ala. App. 167, 14 So. 2d 162, 171 (Ala. Ct. App. 1943). In this case, when the court construes the evidence in favor of plaintiff as the non-movant it must assume that plaintiff's return to work on regular duty in July of 1996 was unsuccessful.

In its motion, State Farm relies heavily on Dr. Jones' medical opinion that as of July of 1996 plaintiff was capable of returning to regular duty as a business manager of Joslyn Electronics. State Farm asserts that no factual dispute exists because plaintiff has failed to produce any medical evidence indicating that he was totally disabled in July of 1996 and incapable of returning to work. In opposition to the motion plaintiff filed the affidavit of Dr. Wright. The court views Dr. Wright's opinion as immaterial and presented without adequate foundation. Yet, after reading the definitions provided by the Policy and relevant case law the court concludes that plaintiff has created a material issue of fact as to whether he was totally disabled under the terms of the policy by statements in his

7

affidavit and that of his wife, Patricia Johnston.

As plaintiff points out in his brief, currently the proper test for total disability is whether plaintiff can substantially perform the material acts of his business or occupation[1] in his customary or usual manner. John Hancock Mutual Life Ins. Co. V. Schroder, 235 Ala. 655, 180 So. 327 (1938). The determination of total disability requires a factual consideration of whether plaintiff's performance of work duties was accompanied by suffering or aggravation of a chronic disease in such a manner that sound medical advice or common prudence and care requires that plaintiff stop performing these activities. Equitable Life Ass. V. Watts, 230 Ala. 297, 160 So. 713, 714 (1935); New York Life Ins. Co. V. McLean, 218 Ala. 401, 118 So. 753, 755 (1928). Testimony by plaintiff and plaintiff's wife that he was physically incapable of performing his previous work as a business manager for Joslyn Electronics due to injuries occurring March 18, 1996 presents a material factual dispute when compared with the medical records of Dr. Jones as to whether plaintiff qualifies for benefits as being "totally disabled" under the Policy. The existence of this genuine issue of material fact

---

[1] The definition of "occupation" under the Policy appears to provide benefits for twenty-four months based on insured's inability to perform his own occupation and then after twenty-four months provides coverage only for disabling conditions that preclude any form of employment. See Exh.1 to Smith Affidavit. After the twenty-four month period, the test for determining if plaintiff qualifies as totally disabled under the policy is can plaintiff substantially perform the material duties of some occupation for which he is qualified. Volunteer State Life Ins Co. v. Davis, 31 Ala. App. 167, 14 So. 2d 162, 165 (1943).

precludes summary judgment in favor of State Farm.  A separate order will be entered.

DONE this 23rd day of April, 1998.

                                                */s/ James H. Hancock*
                                      SENIOR UNITED STATES DISTRICT JUDGE